No. 2--04--1153

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

In re
 MARRIAGE OF ) Appeal from the Circuit Court

KAREN DANA BURNS, f/k/a ) of Ogle County.

Karen Dana Stewart, )

)

Petitioner-Appellee, )

)

and ) No. 87--D--145

)

GREGORY ALAN STEWART, )

)

Respondent-Appellant )

) Honorable

(The Department of Public Aid, Intervenor- ) Kathleen O. Kauffmann,

Appellee). ) Judge, Presiding.

______________________________________________________________________________

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Respondent 
pro se
, Gregory Alan Stewart, appeals the order of the circuit court of Ogle County denying his "Motion to Vacate Claim to Disability Pension Plan," which sought to vacate the amount of child support he owed.  Respondent argues that the trial court misconstrued the dissolution judgment as well as the nature of the disability pension itself.  Intervenor, the Department of Public Aid (Department), argues that the trial court was without power to grant the relief respondent requested and properly denied his motion.  We affirm.

In 1987, respondent and petitioner divorced, and, pursuant to the judgment of dissolution, respondent was ordered to pay $200 per week in child support for the parties' two minor children.  In May 1994, respondent filed a motion to reduce his child support to $28.50 per week because his income had been reduced when he retired due to disability.  The parties agreed thereafter that respondent should pay $40 per week in child support, and the trial court entered an agreed order.  Sometime after the entry of the agreed order, respondent was convicted of first-degree murder and incarcerated in the Department of Corrections for a 45-year term of imprisonment.

On August 12, 2004, respondent wrote a letter to the trial court, explaining his belief that he did not owe any child support after May 5, 1994 (the date he was allowed to retire as a result of his disability), and asking the trial court to terminate his obligation for future child support payments and to vacate the amount of child support that he owed and had not paid.  The record includes no response from the trial court to respondent's August 12, 2004, letter.  On September 8, 2004, respondent filed a motion to vacate the amount of child support he owed.  On October 20, 2004, the trial court denied respondent's motion to vacate the Department's claim.  Respondent timely appeals.

On appeal, respondent reiterates his argument to the trial court.  Respondent contends that federal law preempts the Department from attempting to attach his disability benefits to satisfy his past-due child support obligation.  Respondent further argues that, because the judgment of dissolution did not refer to disability benefits, but only to retirement benefits, the attempt to attach his disability benefits should not be allowed.  The Department contends that the trial court was not empowered to grant respondent the relief he requested, which was to vacate the accumulated past-due child support obligation.

We begin, as always, by determining under what standard we are to review respondent's claim.  Generally, issues regarding child support and the judicial determination of a child support arrearage are reviewed for an abuse of discretion.  
In re Marriage of Carpenter
, 286 Ill. App. 3d 969, 974 (1997).  Here, however, we are asked to determine whether the requested relief, the vacation of accumulated past-due child support obligations, is a remedy available under Illinois law.  We review this issue 
de novo
.  See 
People ex rel. Department of Public Aid v. Smith
, 212 Ill. 2d 389, 396-97 (2004) (issue of law reviewed 
de novo
).

With this in mind, we turn to respondent's contention.  In September 2004, respondent filed a motion seeking to vacate the amount of child support he owed, which had accrued from May 1994 to the present date.  It is well settled that the amount of past-due child support owed by a party cannot be modified or decreased (
In re Marriage of Betts
, 155 Ill. App. 3d 85, 101 (1987)), because the past-due child support payments that accrue before the party files a petition to modify child support constitute a vested and unmodifiable right (
In re Marriage of DiFatta
, 306 Ill. App. 3d 656, 661 (1999)).  Thus, a court cannot decrease or vacate the amount of past-due child support payments that have vested in the party who is supposed to receive them.  
Betts
, 155 Ill. App. 3d at 101.  Because the trial court could not grant the requested relief, it properly denied respondent's motion.

In addition, we note that respondent's argument on appeal misconstrues the Department's action on petitioner's behalf.  The Department is seeking to attach respondent's disability pension benefits to satisfy his past-due child support obligation.  Respondent, relying on 
In re Marriage of Belk
, 239 Ill. App. 3d 806 (1992), argues that because the judgment of dissolution refers only to retirement pension benefits, petitioner cannot access his disability pension benefits.  While 
Belk
 dealt with the issue of child support modification and disability versus retirement pension benefits, the posture of the case dealt only with the former spouse's right to receive a part of the disability pension benefits.  
Belk
, 239 Ill. App. 3d at 808.  Here, by contrast, the Department is not claiming that petitioner has a present right to receive a portion of respondent's disability pension benefits pursuant to the judgment of dissolution; rather, the Department is seeking to satisfy petitioner's vested and unmodifiable rights in the past-due child support.  While 
Belk
 might control in the former situation, it has no application to the issue of past-due child support.  Accordingly, respondent's argument is without merit.

For the foregoing reasons, the judgment of the circuit court of Ogle County is affirmed.

Affirmed.

HUTCHINSON and GILLERAN JOHNSON, JJ., concur.